IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

1999 SEP 13 PM 7:50

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

1

2   EILEEN JEANETTE RODRIGUEZ-VAZQUEZ,                '

3        Plaintiff,                                    '

4        v.                                            '   CIVIL NO. 97-2434 (RLA)

5   PUERTO RICO MANUFACTURING                          '

6   EXTENSION, INC., et al.,                           '

7        Defendants.                                   '

8   _____          '

9

10                  **FIFTH OMNIBUS ORDER**
                **DISPOSING OF OUTSTANDING MOTIONS**
11                **SETTING DISCOVERY DEADLINES AND**
            **SCHEDULING PRETRIAL CONFERENCE AND TRIAL**

12

13       The various outstanding motions in this action are hereby

14   disposed of in this Order.  Further, pretrial conference and trial

15   dates are hereby scheduled.

16                    **I.  DISPOSITIVE MOTIONS**

17       The defendants have moved for dismissal of the claims asserted

18   against them on various grounds.  The Court having reviewed the

19   pleadings as well as the documents in file hereby disposes of these

20   motions as follows.

21                    **A.  THE COMPLAINT**

22       Plaintiff instituted this action against (1) PUERTO RICO

23   MANUFACTURING EXTENSION, INC. ("PRIMEX") and its executive director,

24   (2)    MIGUEL    BURSET;    (3)    the    ECONOMIC    DEVELOPMENT

25   ADMINISTRATION; (4) FOMENTO INDUSTRIAL COMPANY ("PRIDCO") and its

26

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                                    Page 2

---

1  administrator, (5) JAIME MORGAN-STUBBE, alleging her dismissal from

2  employment at PRIMEX was in violation of local law as well as

3  prompted by political animus.

### B.  THE FACTS

5  PRIMEX is a manufacturing technology center established in

6  Puerto Rico through the initiative of the local Government.

7  PRIMEX began operations in April 1996.

8  Plaintiff was hired by PRIMEX as Marketing Manager effective May

9  13, 1996.

11  Plaintiff was dismissed from employment with PRIMEX effective

  September 27, 1996 when her position was eliminated.

### C.  PRIDCO

14  PRIDCO has moved for dismissal of the claims asserted against it

15  alleging that plaintiff had no employment relationship with said

16  entity.   Movant submitted several documents in support of its

17  position which stand unchallenged.   Plaintiff's response to the

18  dismissal request was limited to conclusory and unsubstantiated

19  allegations which are not sufficient to defeat a proper summary

20  judgment petition.  Santiago v. Canon U.S.A., Inc., 138 F.3d 1 (1st

21  Cir. 1998).   Once a defendant submits a duly documented summary

22  judgment request, the burden shifts to plaintiff to present evidence

23  sufficient to raise genuine issues of material fact; conclusory

24  allegations will not do.  Cadle Co. v. Hayes, 116 F.3d 957 (1st Cir.

25  1997).

CIVIL NO. 97-2434 (RLA)                                                Page 3

Therefore, the uncontroverted evidence in the record leads to the inescapable conclusion that no employment relationship existed between plaintiff and PRIDCO which excepts codefendant from any potential liability in this action.

Based on the foregoing, the Motion to Dismiss and/or for Summary Judgment, filed by PRIDCO (docket No. **11**)[1] is hereby **GRANTED** and the complaint filed against PRIDCO is **DISMISSED**. Judgment shall be entered accordingly.

### D.  PRIMEX and MIGUEL BURSET

PRIMEX and BURSET moved for abstention as well as dismissal of various federal causes of action. Additionally, PRIMEX has claimed Eleventh Amendment immunity.

We shall address these arguments *seriatim*.

### i.  Parallel State Action

Defendants have requested our abstention pending appellate review of the dismissal, with prejudice, of a similar complaint filed by plaintiff in parallel state court proceedings. It appearing that the local proceedings have concluded and it further appearing that the P.R. Circuit Court of Appeals ruled that the previous dismissal should have been "without prejudice" this request is **DENIED AS MOOT**.

---

[1]  See plaintiff's Omnibus Response (docket No. **28**) and Reply by PRIDCO (docket No **47**).

CIVIL NO. 97-2434 (RLA)                                          Page 4

---

### ii. Pullman Abstention

Movants further request abstention under the doctrine established in R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941) alleging that plaintiff's claim involves an unsettled issue of state law.   See also Pustell v. Lynn Public Sch., 18 F.3d 50 (1st Cir. 1994).

Defendants frame the issue as follows:

> In the case at bar, the fundamental question that surrounds all controversies is: whether the state Public Service Personnel Act covers an entity such as Primex (and its officials, such as Burset), thus guaranteeing to all its employees a right to a pre-termination hearing. This is an issue of strict state law: it calls for the interpretation not only of the Public Service Personnel Act, but also of the statutes, if any, that create entities such as Primex.

Motion to Dismiss... (docket No. 12) at 6.

Abstention in this regard depends on the nature of PRIMEX. However, the record is devoid of any information indicative of this necessary element.   There is no documentation explaining by what authority it came into existence nor anything relating to its functions.   Faced with this barren scenario the Court is in no position to rule on this matter nor of appraising the option of certifying the issue to the P.R. Supreme Court. See Reagan v. Racal

CIVIL NO. 97-2434 (RLA)                                                    Page 5

1   Mortg., Inc., 135 F.3d 37 (1st Cir. 1998); Pyle v. South Hadley Sch.

2   Comm., 55 F.3d 20 (1st Cir. 1995).

3          Accordingly, the petition to abstain on these grounds is **DENIED**.

4                     iii.  **Eleventh Amendment Immunity**

5          According to defendants, assuming arguendo that PRIMEX is a

6   "quasi-public corporation" and/or "an operational branch" of the

7   PUERTO RICO DEVELOPMENT CORPORATION as averred in the complaint, then

8   PRIMEX would be entitled to the protection of the Eleventh Amendment

9   immunity.  No additional arguments or documentation were provided by

10  defendants in support of this position.

11

12         The Eleventh Amendment to the United States Constitution bars

13  the commencement and prosecution in federal court of suits claiming

14  damages brought against any state, including Puerto Rico, without its

15  consent.  Torres v. Puerto Rico Tourism Co., 175 F.3d 1 (1st Cir.

16  1999);  In re San Juan Dupont Plaza Hotel Fire Litigation, 888 F.2d

17  940, 942 (1st Cir. 1989); Ramírez v. Puerto Rico Fire Service, 715

18  F.2d 694, 697 (1st Cir. 1983); Fernández v. Chardón, 681 F.2d 42, 59

19  n.13 (1st Cir. 1982).

20         The Eleventh Amendment provides:

21             The Judicial power of the United States shall

22             not be construed to extend to any suit in law or

23             equity, commenced or prosecuted against one of

24             the United States by Citizens of another State,

25             or by Citizens or Subjects of any Foreign State.

26

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                        Page 6

1    Eleventh Amendment immunity applies even though the state has

2    not been named in the suit.    Its protection is extended to

3    governmental entities which are deemed an arm or alter ego of the

4    state.  The principal factors to weigh in determining whether or not

5    a particular entity qualifies as an alter ego of a state, are whether

6    the agency exercises a governmental or a proprietary function and

7    whether an adverse judgment will be satisfied from public or separate

8    agency funds.  Royal Caribbean Corp. v. Puerto Rico Ports Authority,

9    973 F.2d 8, 9-10 (1st Cir. 1992); In re San Juan Dupont Plaza Hotel

10   Fire Litigation, 888 2d at 943-44.  In examining the nature of the

11   agency's function, we must scrutinize it within the specific context

12   of the claims asserted in the complaint.  Royal Caribbean.

13   Additionally, the analysis should include consideration of "the

14   agency's degree of autonomy; the power of the agency to sue and be

15   sued and enter into contracts; whether the agency's property is

16   immune from state taxation and whether the state has insulated itself

17   from responsibility for the agency's operations."  M/V Manhattan

18   Prince, 897 F.2d 1, 9 (1st Cir. 1990) (citing Ainsworth Aristocrat

19   International Pty., Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d

20   1034, 1037 (1st Cir. 1987)).

21   The protection afforded by the Eleventh Amendment to

22   governmental entities is not automatic. Its applicability depends on

23   a number of factors including the degree of administrative autonomy

24   and fiscal independence enjoyed by the entity which, in this

25

26

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                              Page 7

---

1  particular case, remain unknown to the Court.  Absent evidence of the

2  relevant facts essential to conducting a proper analysis, the Court

3  is unable to make a determination regarding the applicability of the

4  Eleventh Amendment immunity to the petitioning defendant.

5      Accordingly, PRIMEX's request for dismissal based on Eleventh

6  Amendment immunity is **DENIED.**

7                      iv.  **Claims pursuant to § 1983**

8      Defendants     further     contend     that     dismissal     of

9  the 42 U.S.C. § 1983 claims is proper in that neither PRIMEX nor

10 BURSET are "persons" within the meaning of the statute and that

11

12 plaintiff has no property interest in her position.

13     It is evident that neither PRIMEX nor the other entities named

14 as defendants herein are "persons" within the meaning of this statute

15 and therefore, are not  proper parties to this type of suit.  See

16 Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991).  Therefore,

17 no § 1983 cause of action lies against them.

18     As to whether or not plaintiff may pursue a § 1983 cause of

19 action against BURSET a different approach is required.  In this

20 regard, a distinction must be made between claims advanced against

21 codefendant in his individual capacity versus those made against him

22 in his official capacity.

23     Actions asserted against government employees in their official

24 capacity are deemed actions against the state since the real party in

25 interest is the government and not the official and therefore,

26

CIVIL NO. 97-2434 (RLA)                                    Page 8

---

1    subject to Eleventh Amendment protection.    Hafer v. Melo, 502 U.S.

2    21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).    Suits against officers in

3    their official capacity for damages are tantamount to actions

4    directly against the state and barred by the aforementioned immunity.

5    Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304,

6    105 L.Ed.2d 45 (1989).

7         On the other hand, BURSET is subject to individual liability

8    under § 1983 provided plaintiff is able to establish the necessary

9    elements of a cause of action, i.e., deprivation of a federal right

10   "by a person under color of state law."    Barrios v.

11   AEELA, 84 F.3d 487, 491 (1st Cir. 1996).    Any judgment entered against

12   BURSET in these proceedings pursuant to § 1983 would have to be paid

13   by him personally unless he is covered by  P.R. Laws Ann. tit. 32 §

14   3085 (1990) in which case judgment would be satisfied from Puerto

15   Rico funds.

16

17        There is no information available in the record at this time for

18   the Court to make a determination regarding the suitability of

19   a § 1983 claim against BURSET in his personal capacity nor whether or

20   not plaintiff held a  proprietary interest in her position at PRIMEX.

21   See  King v. Town of Hanover, 116 F.3d 965, 969 (1st Cir. 1997).

22        Accordingly, the § 1983 claim asserted against PRIMEX and the

23   ECONOMIC DEVELOPMENT ADMINISTRATION[2] are hereby **DISMISSED.**

24

25   _____

26        [2]  The remaining non-individual defendants.

CIVIL NO. 97-2434 (RLA)                                              **Page 9**

It is further ORDERED that the request to dismiss the § 1983 claim against BURSET is **DENIED**.

### v. Claim pursuant to § 1985

Absent any allegation[3] of conduct justifying a conspiracy, defendants' request to dismiss the claims asserted under 42 U.S.C. § 1985 is **GRANTED**. See Romero Barcelo v. Hernandez Agosto, 75 F.3d 23 (1st Cir. 1996) (class based discriminatory animus and overt acts must be identified).

Accordingly, the § 1985 claims asserted in the complaint are **DISMISSED**.

### vi. COBRA

Absent opposition and it appearing that defendants' arguments are correct, the claims asserted in the complaint under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq. are hereby **DISMISSED**.

### E. MORGAN-STUBBE & ECONOMIC DEVELOPMENT ADMINISTRATION

Codefendants JAIME MORGAN-STUBBE and the ECONOMIC DEVELOPMENT ADMINISTRATION have moved for dismissal based on abstention and Eleventh Amendment grounds.

### i. Abstention

The arguments regarding abstention pending parallel proceedings as well as those based on the Pullman doctrine having been already

_____

[3] Plaintiff did not address this argument in her opposition.

CIVIL NO. 97-2434 (RLA)                                              Page 10

───────────────────────────────────────────────────────────────────────────

1   disposed of in this Order and codefendants having failed to add any

2   further arguments to justify their petition, this request is **DENIED.**

3                        ii.  **Eleventh Amendment**

4       The  only  argument  advanced  by  the  ECONOMIC  DEVELOPMENT

5   ADMINISTRATION to claim Eleventh Amendment protection is that the

6   "there is no question about [it] being a governmental agency of the

7   Commonwealth  of  Puerto  Rico."   Motion  to  Dismiss  (docket  No.

8   15)  at  5.    However,  this  conclusory  statement  by  itself  is

9   insufficient for the Court to make a determination on this issue.

10      Accordingly,  the  motion  to  dismiss  the  claims  against  the

11  ECONOMIC DEVELOPMENT ADMINISTRATION based on Eleventh Amendment

12  coverage is **DENIED.**

13

14                        F.  **CONCLUSION**

15      Based on the foregoing, the Motion to Dismiss and/or for Summary

16  Judgment, filed by PRIDCO (docket No. **11**);[4] the Motion to Dismiss...

17  filed by PRIMEX and BURSET (docket No. **12**)[5] and the Motion to Dismiss,

18  filed  by  JAIME  MORGAN-STUBBE  and  the  ECONOMIC  DEVELOPMENT

19  ADMINISTRATION (docket No. **15**)[6] are **GRANTED** but limited to:

20

21  ─────────────────────

22      [4]  See Omnibus Response... filed by plaintiff (docket No **28**) and
    Reply... filed by PRIDCO (docket No. **47**).
23

24      [5]  See also Reply... filed by PRIMEX and BURSET (docket No;. **38**).

25      [6]  See also Reply... filed by JAIME MORGAN-STUBBE (docket No.
    **45**).  The Informative Motion filed by codefendant (docket No. **43**) is
26  **NOTED.**

CIVIL NO. 97-2434 (RLA)                                           Page 11
_____

The claims asserted against PRIDCO are hereby **DISMISSED.**

The 42 U.S.C. § 1983 claims asserted against PRIMEX and the ECONOMIC DEVELOPMENT ADMINISTRATION are hereby **DISMISSED.**

The 42 U.S.C. § 1985 claims asserted in the complaint are hereby **DISMISSED.**

The COBRA claims asserted in the complaint are hereby **DISMISSED.**

## II. CURRENT STATUS OF CODEFENDANT

The Special Appearance by the Secretary of Justice of the Commonwealth of Puerto Rico (docket No. **41**) advising that codefendant the ECONOMIC DEVELOPMENT ADMINISTRATION had ceased to exist and that all its "functions, powers and duties" have been transferred to PRIDCO is **NOTED.**[7]

## III. PLAINTIFF'S LEGAL REPRESENTATION

The Motion Submitting Plaintiff's Address and Renewing Leave to Withdraw, filed by MARLENE APONTE CABRERA, ESQ. (docket No. **58**) is **GRANTED.**

Accordingly, MS. APONTE CABRERA is relieved from further participation in his case.[8]

It is further ORDERED that until new counsel enters an appearance on plaintiff's behalf copy of this Order as well as all

_____

[7] The Informative Motions filed by the Secretary of Justice (dockets No. **42** and **44**) are **NOTED.**

[8] See also Motion for Leave to Withdraw... (docket No. **54**).

CIVIL NO. 97-2434 (RLA)                                          Page 12

1   motions and orders filed in this case hereinafter shall be served

2   directly to plaintiff as follows:

3                      EILEEN JEANNETTE RODRIGUEZ VAZQUEZ
                       5546 NW 101 Court
4                      Miami, Fla.  33178

5                           **IV.  DISCOVERY**

6       It appearing that plaintiff has had ample opportunity to procure

7   new legal representation in that she has been on notice of her

8   attorney's wish to withdraw since early this year, discovery in this

9   case shall proceed according to the following deadlines.

10

11  **11/1/99**        Deadline for parties to propound written discovery.

12  **12/15/99**       Deadline for plaintiff to identify expert witnesses.

13  **1/14/2000**      Deadline for defendants to identify expert witnesses

14  **1/14/2000**      Deadline for plaintiff's expert witness reports.

15  **1/31/2000**      Deadline   for   depositions   of   parties   and   fact

16                     witnesses.

17  **2/15/2000**      Deadline for defendant's expert witness reports.

18  **2/29/2000**      Deadline for depositions of all expert witnesses.

19                   **V.   PRETRIAL CONFERENCE AND TRIAL**

20

21      A **PRETRIAL/SETTLEMENT CONFERENCE,** to be held before the

22  undersigned,[9] is hereby scheduled for **April 4, 2000 at 2:30 p.m.**

23

24

25      [9] The parties shall contact the undersigned's chambers to verify

26  where the conference will be held.

CIVIL NO. 97-2434 (RLA)                                            Page 13

1      A Proposed Joint Pretrial Order[10] shall be filed **on or before**

2   **March 28, 2000,** and shall contain the following:

3          **I.   Nature of the Case**

4          A statement of the nature of the case agreed upon by

5   all parties which shall include issues of jurisdiction.  In the

6   event that the parties cannot agree upon a single description,

7   separate versions shall be submitted.

8          **II.   Theories of the Parties**

9          Each party shall present concisely its pertinent legal

10  theories including applicable citations to statutes and caselaw.

11  Counsel are directed to fully disclose all trial issues since

12  the Proposed Joint Pretrial Order will supersede the pleadings

13  in establishing the issues to be heard and considered at trial.

14         **III. Admitted Facts**

15         The parties shall provide a comprehensive listing of

16  all admitted or stipulated facts.

17         **IV.   Contested Facts**

18         The parties shall provide a listing of contested

19  facts.

20         **V.   List of Exhibits**

21         This section shall contain a listing of all exhibits

22  which have been pre-marked/numbered.   Each exhibit shall be

23

24  ─────────────────────────

25         [10]  A courtesy copy to be delivered directly to the chambers of
26  the undersigned.

CIVIL NO. 97-2434 (RLA)                                        Page 14

1    identified by a descriptive title as well as its identification

2    number.  The parties shall indicate those exhibits, if any,

3    which are not objected to by opposing counsel.

4        VI.  Depositions

5            The party wishing to use deposition testimony at trial

6    shall list the depositions.  Additionally, designations and

7    objections  shall  be  submitted  in  accordance  with  the

8    undersigned's STANDING ORDER FOR CIVIL TRIALS issued on **February**

9    **10, 1994.**

10

11       VII.  Witnesses and Interpreters

12           Each party shall identify witnesses to be presented at

13   trial and include a brief, one paragraph, offer of proof.

14   Additionally, the parties shall specifically identify those

15   witnesses who will need the services of a court-certified

16   interpreter during trial.

17       VIII.  Expert Witnesses and Interpreters

18           Each party shall list its expert witnesses and include

19   his/her curriculum vitae and an offer of proof.  If an expert

20   report has been produced, the report shall be submitted in

21   conjunction with the offer of proof.  Additionally, the parties

22   shall specifically identify those experts who will need the

23   services of a court-certified interpreter during trial.

24

25

26

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                    Page 15

1       **IX.  Itemized Statement of Special Damages**

2              In anticipation that the issue of special damages may

3       arise, an itemized statement of special damages shall be

4       incorporated into the Proposed Joint Pretrial Order.  The party

5       or parties not in agreement with the proposed statement shall

6       include its/their opposition in this section.

7       **X.  Estimated Length of Trial**

8              Parties shall indicate the estimated length of trial.

9       The Proposed Joint Pretrial Order may be modified by this Court

10      only upon a showing of good cause.

11

12                           **JURY TRIAL**

13      **TRIAL** in this action hereby set for **April 11, 2000 at 9:30 a.m.**

14                           **STANDING ORDER**

15      The parties shall file a TRIAL BRIEF, PROPOSED JURY

16      INSTRUCTIONS, PROPOSED VOIR DIRE and PROPOSED VERDICT FORM[11] no later

17      than **April 7, 2000** in accordance with the undersigned's STANDING

18      ORDER FOR CIVIL TRIALS issued on **February 10, 1994.**

19

20

21

22

23

24

25        [11] Courtesy copies of all these documents shall be delivered

26      directly to the chambers of the undersigned.

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                        Page 16

1    The parties shall make the necessary arrangements with the

2    courtroom deputy clerk to have the evidence marked prior to trial.[12]

3         IT IS SO ORDERED.

4         San Juan, Puerto Rico, this 9th day of September, 1999.

5

6

7                                        RAYMOND L. ACOSTA
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25         [12]  The parties shall furnish the undersigned an additional copy
26    of all documents intended to be presented as evidence at trial.

AO 72
(Rev 8/82)

CIVIL NO. 97-2434 (RLA)                                              Page 17

1

2                     SUMMARY OF DEADLINES AND SETTINGS

3

4    11/1/99        Deadline for parties to propound written discovery.

5    12/15/99       Deadline for plaintiff to identify expert witnesses.

6    1/14/2000      Deadline for defendants to identify expert witnesses

7    1/14/2000      Deadline for plaintiff's expert witness reports.

8    1/31/2000      Deadline   for   depositions   of   parties   and   fact

9                   witnesses.

10
     2/15/2000      Deadline for defendant's expert witness reports.
11
     2/29/2000      Deadline for depositions of all expert witnesses.
12
     3/28/2000      Deadline for filing JOINT PRETRIAL ORDER
13
14   4/4/2000       PRETRIAL/SETTLEMENT CONFERENCE at **2:30 p.m.**

15   4/7/2000       Deadline for filing TRIAL BRIEF, PROPOSED JURY

16                  INSTRUCTIONS,  PROPOSED  VOIR  DIRE  and  PROPOSED

17                  VERDICT FORM

18   ****          Parties to mark evidence prior to trial

19   ****          Parties to provide the court copy of all documents

20                  intended to be presented as evidence at trial.

21   4/11/2000      JURY TRIAL at **9:30 a.m.**

22

23

24

25

26

AO 72
(Rev 8/82)